IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUNNY L. JOHNSON,

        Plaintiff,

  vs.                                                      CIVIL NO. 11-366 MCA/LFG

GENWORTH FINANCIAL, DEUTCHE
BANK TRUST COMPANY AMERICAS,
BAC HOME LOAN SERVICING, BANK
OF AMERICA, LANDSAFE APPRAISAL
SERVICES, and JOHN DOES 1-5,

        Defendants.

## ORDER TEMPORARILY STAYING DISCOVERY

      THIS MATTER is before the Court on Defendant Genworth Financial Home Equity Access, Inc.'s ("GFHEA") Motion to Stay Discovery [Doc. 47] pending the Court's consideration and disposition of jurisdictional motions. Plaintiff Sunny L. Johnson ("Johnson") opposes the motion to stay. The Court considered the motion, Johnson's response [Doc. 50] and GFHEA's reply [Doc. 52].[1] For the reasons hereafter stated, the Court finds that the motion for a temporary stay of discovery is well-taken and will be granted.

      GFHEA seeks dismissal of Johnson's claim, contending that the Court lacks *in personam* jurisdiction because GFHEA is a California corporation without offices, agents or employees in New Mexico, it did not transact business with Johnson, and it committed no tort in the District of New Mexico. GFHEA also asserts that Johnson's Complaint fails to state a claim against it because the denial of Johnson's reverse mortgage application does not constitute a violation of the New Mexico

---

[1] D.N.M.LR-Civ. 7.6 provides that "A motion will be decided on the briefs unless the court sets oral argument."

Unfair Trade Practices Act or any other legally cognizable cause of action. GFHEA further asserts a lack of jurisdiction in that Johnson failed to properly serve it in accord with the requirements of federal or state rules of procedure. [*See generally*, Doc. 5]. If GFHEA's contentions are true, then this lawsuit will be dismissed as against it, and the parties would not need to incur the costs of discovery.

Subsequent to the filing of its motion to dismiss, Johnson filed her response. [Doc. 27] GFHEA filed a reply and a Notice of Completion of Briefing is before the Court. [Docs. 39, 40]. All time deadlines relating to the motion to dismiss have elapsed, and the only matter remaining is the Court's consideration and disposition of the motion.

Under the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, the Court is obligated to expedite the ultimate disposition of a case, and, wherever possible, to reduce the costs of litigation. The Court determines that it would be inappropriate under the circumstances of this case to authorize full discovery when there as a pending motion to dismiss based on jurisdictional grounds. GFHEA appropriately notes that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987); *see also* Want v. Hsu, 919 F.2d 130 (10th Cir. 1990)(decision to stay discovery rests within the sound discretion of the trial court).

In this case, the Court exercises that discretion by determining that a temporary stay of discovery is appropriate. Stays of this nature, however, are commonly given. *See, e.g.*, String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 U.S. Dist. LEXIS 97388 (D. Colo. Mar. 30, 2006) (imposing a temporary stay of discovery pending resolution of a motion to dismiss for lack of personal jurisdiction); CGC Holding Co., LLC v. Hutchens, 2011 U.S. Dist. LEXIS 72687 (D. Colo.

July 6, 2011)(granting discovery stay pending determination of defendant's challenge to personal jurisdiction).

In sum, in the exercise of the Court's discretion and pursuant to its obligations under the cost-savings provisions of the Civil Justice Reform Act, the Court determines that formal discovery should be stayed pending the Court's consideration and disposition of the current fully briefed motions to dismiss. [Docs. 5 and 16].

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge