## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SUNNY L. JOHNSON,

        Plaintiff,

vs.                                          No. 11-CV-00366 MCA/WDS

GENWORTH FINANCIAL HOME
EQUITY, INC., et al.,

        Defendants.

### ORDER

      This case is before the Court upon Plaintiff's Motion to Remand. [Doc. 17]  The Court

has considered Plaintiff's motion, Defendants' brief in opposition to remand [Doc. 22], Plaintiff's

response to Defendants' brief in opposition [Doc. 31]  the record in this matter, and the

applicable law,  and is otherwise fully advised.

**Federal Removal Law**

      28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided  by Act of

Congress, any civil action brought in a State court of which the district courts of the United

States have original jurisdiction, may be removed by the defendant or the defendants, to the

district court of the United States for the district and division embracing the place where such

action is pending." 28 U.S.C. § 1446(a) provides that "[a] defendant or defendants desiring to

remove any civil action . . . from a State court shall file in the district court of the United States

for the district and division within which such action is pending a notice of removal signed

pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain

statement of the grounds for removal  . . . ."   Lastly, 28 U.S.C. § 1447(c) provides that "[i]f at

any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (Emphasis added). In their Notice of Removal,  Defendants asserted that the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331,  because "Plaintiff asserts that Bank of America violated U.S. Department of Housing and Urban Development guidelines"; and pursuant to 28 U.S.C. § 1332(a)(1), "because Plaintiff is a citizen of New Mexico and each defendant is a citizen of a state other than New Mexico. . ." [and] "the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs."

**Background**

According to the allegations of Plaintiff's complaint, Plaintiff resides in a home subject to a first mortgage held by Defendant Deutsche Bank Trust Company Americas (Deutsche Bank) and serviced by Defendant BAC Home Loan Servicing (BAC).  This mortgage secures a loan originally made by Defendant Bank of America, N.A. (Bank of America)  to Plaintiff's son.  In 2010, Plaintiff's son declared bankruptcy.  At the time, the unpaid balance on the loan was approximately $83,000.  Plaintiff claims to have acquired her son's interest in the property through a deed in lieu of foreclosure. Plaintiff made three payments on her son's loan.  BAC nevertheless declared the son's loan to be in default,  refused to accept further payments, and has proceeded with foreclosure of the mortgage.

Plaintiff has invested over $40,000 in materials and labor in the property, apparently to convert the property from a single-family dwelling into a fourplex.

In September 2010, Plaintiff submitted an application for a loan to Defendant Genworth Financial Home Equity Access, Inc. (Genworth).  The loan was to be secured by a federally-

insured reverse mortgage.[1] Genworth obtained an appraisal. Genworth had "no problems" with the appraisal, but nevertheless rejected Plaintiff's application in November 2010.  Genworth told Plaintiff that it had rejected her application because there was no secondary market for her note and mortgage. In November 2010, following Genworth's rejection of her application, Plaintiff submitted a loan application to Bank of America. Although the property had been appraised in the course of  Plaintiff's recent and  unsuccessful attempt to obtain a loan from Genworth,  Bank of America required a second appraisal.[2]  Bank of America ordered the second appraisal from Defendant  Landsafe Appraisal Services (Landsafe), a wholly owned subsidiary of Bank of America. Landsafe retained appraiser Wayne Solomon to conduct the appraisal.  Plaintiff maintained that the property was a fourplex,[3] and during the appraisal pointed out the separate living areas to Mr. Solomon.  Based on the appraisal, Bank of America concluded that Plaintiff's property was "overbuilt" for a single family dwelling and rejected Plaintiff's loan application. In correspondence with Plaintiff, Bank of American stated that:

> information in the [Landsafe appraisal] report, and other information indicated that the site and its structural improvements reflect a "complex assignment", that there is indicated income derived from renters, each inhabiting a "compartment" within the exterior walls of the structure.  As such, the improvements do not meet stated guidelines as set forth in [HUD Housing Handbook sections] 4150.2 or 4905.01 or meet intent of HUD financing for single family residential properties

---

[1] See 12 U.S.C. § 1715z-20.

[2] The FHA requires that a first appraisal be provided to and used by a second lender, except in limited circumstances, such as when the second lender's underwriter determines that a first appraisal contains material deficiencies.  [Doc. 24, Ex. C (letter dated September 18, 2009 from David H. Stevens, Assistant Secretary for Housing-Federal Housing Commissioner, to approved mortgagees and roster appraisers)].

[3] See 12 U.S.C. § 1715z-20(d)(3)

3

or its reverse mortgage program.

Following Bank of America's rejection of her loan application, Plaintiff applied for a loan from MetLife Bank, N.A.[4] MetLife obtained a copy of the appraisal and field review report prepared by Landsafe.  Based on these documents MetLife rejected Plaintiff's loan application.

**Federal Question Jurisdiction**

28 U.S.C. § 1331 provides that "[t] he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  This statute provides for original district court jurisdiction over Plaintiff's complaint where the well-pleaded allegations of  her complaint (1) assert a federal cause of action, *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986); or (2) assert a state cause of action for relief that necessarily depends on resolution of a substantial question of federal law, *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006).

The failure of Plaintiff's complaint to satisfy the first alternative test for federal question jurisdiction is not seriously in dispute. The clear weight of authority holds that "the NHA [National Housing Act, 12 U.S.C. §§ 1715 *et seq.*,] and attending regulations do not expressly or implicitly create a private right of action to mortgagors for a mortgagee's noncompliance with the Act or regulations." *Shirk v. JPMorgan Chase Bank*, 437 B.R. 592, 607-08 (S.D. Ohio. 2010) (collecting authorities).  Indeed,  Defendants themselves have vigorously argued that federal law does not give rise to a private cause of action for a violation of 12 U.S.C. § 1715z-20, the statute creating the federally-insured HECM program, or the HUD regulations and guidelines

---

[4]MetLife was named as a defendant, but has been dismissed [Docs.  29, 30].

4

implementing the HECM program.  [Doc. 16 at 4-5]

The more difficult question is whether Plaintiff's complaint asserts a state-law cause of action that implicates a substantial question of federal law.  Plaintiff's complaint refers to the New Mexico Unfair Trade [sic] Practices Act.  [Doc. 1-2 at 6] The NMUPA, NMSA 1978, §§ 57-12-1, *et seq.*,  defines an unfair or deceptive trade practice as " a false or misleading oral or written statement. . . or other representation of any kind knowingly made . . .in the extension of credit . . . by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person. . . ."  NMSA 1978, § 57-12-2(D).  "Knowingly" is the *mens rea* required by the NMUPA  to render a misrepresentation actionable. *See Richardson Ford Sales, Inc. v. Johnson*, 100 N.M. 779, 782-83 (Ct. App. 1984).  At the heart of Plaintiff's complaint is her assumption that her property is a fourplex eligible for HUD's HECM program; therefore, according to Plaintiff, any appraisal that reaches a different conclusion must be false and misleading.  Arguably, a violation of the NMUPA could be made out through evidence that Bank of America knowingly misrepresented to Plaintiff or to MetLife that Plaintiff's renovations to her property did not result in a multi-family dwelling eligible for the HECM program, when in fact her property satisfied applicable HUD guidelines for multi-family dwellings. [Doc. 24 at 9 ("Bank of America and Landsafe ignored HUD guidelines while falsely telling Plaintiff that they were following them. . . .")]  Whether the representation in question was false would necessarily require the application, and possibly the interpretation, of HUD guidelines.[5]  However, the

---

[5]Paragraph 9 of Plaintiff's complaint quotes a letter sent to Plaintiff by Defendant Bank of America.  The references to "4150.2 or 4905.01" appear to be references to two HUD Housing Handbooks, "Valuation Analysis for Single Family One- to Four- Unit Dwellings" and "Requirements for Existing Housing One to Four Units."  These Handbooks can be accessed at

foregoing observations merely demonstrate that *contested* federal issues may be embedded in Plaintiff's NMUPA claim; to give rise to federal question jurisdiction an embedded federal issue must be *both* contested *and substantial*, with substantiality requiring "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Nicodimus*,  440 F.3d at 1232 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (internal quotation marks omitted)).

        Generally, the requisite "serious federal interest" is not present where the dispute is not "centered on the action of a federal agency," *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006); *Bennett v. Southwest Airlines*, 484 F.3d 907, 909 (7th Cir. 2007) (characterizing state court quiet-title action in *Grable* as "amount[ing] to a collateral attack on a federal agency's action"); or where the federal issue is "fact bound and situation-specific," as opposed to "a nearly 'pure issue of law,'" *McVeigh*, 547 U.S. at 700 (quoting *Hart and Wechsler's The Federal Courts and the Federal System* 65 (2005 Supp.)).  Here, Plaintiff challenges the actions of private actors, not a federal agency, and it appears to the Court that this case involves the "fact bound and situation specific" application of relatively straightforward administrative guidelines to Plaintiff's property. The Court concludes that any federal issues presented by Plaintiff's NMUPA claim are insubstantial and do not implicate "a serious federal

---

http://portal.hud.gov/hudportal/HUD?src=/program_offices/administration/hudclips/handbooks/ hsgh. These Handbooks set out requirements that individual units in a multi-family dwelling must meet in order for the property to be eligible under the HECM program as well as the protocols that an appraiser must follow in conducting an appraisal.  By way of example, HUD Handbook  § 4905.1 (2-9) requires that "[e]ach living unit must be provided with space necessary to assure suitable living, sleeping, cooking and dining accommodations and sanitary facilities."

6

interest in claiming the advantages thought to be inherent in a federal forum." *See Bennett* (holding that state-court tort action by victims of air crash against airline was not one "arising under" federal law); *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1298-1302 (11th Cir. 2008) (holding that state libel claim alleging that defendants  falsely accused plaintiffs of selling firearms in violation of federal law did not present  a substantial issue of federal law).

For the foregoing reasons, the Court concludes that the present case is not one arising under federal law.

**Diversity Jurisdiction**

28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy  exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . citizens of different states . . . ."   When a case is removed from state court on the theory that the case falls within the district court's diversity jurisdiction, 28 U.S.C. § 1332 (a), "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v. Kmart Corp.*,  50 F.3d 871, 873 (10th Cir. 1995).  A national banking association is a citizen for purposes of diversity jurisdiction of the State in which its main office is located.  *Wachovia Bank v. Schmidt*,  546 U.S. 303 (2006). A corporation is a citizen for purposes of diversity jurisdiction of any State in which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  The citizenship of a limited partnership or a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (collecting authorities). In their Notice of Removal, Defendants have alleged the citizenship of each Defendant, and in

the case of Defendant BAC Home Loan Servicing,  the citizenship of its component entities.

With one exception, these allegations affirmatively demonstrate that there is complete diversity

of citizenship between Defendants and Plaintiff, who is a citizen of New Mexico.

    The exception is Deutsche Bank.  The Notice of Removal contains the following

averments concerning Deutsche Bank:

> Defendant Deutsche Bank and Trust Company Americas is a State
> Member Bank and a member of the Federal Reserve System.  It is supervised by
> the NY Banking Department and has its main office located at 60 Wall Street,
> New York, New York 10005. Deutsche Bank is therefore a citizen of New York.
> 28 U.S.C. § 1332(d)(10).

Defendants' reliance on § 1332(d)(10) clearly is unwarranted.  Paragraph (d)(10) begins with the

introductory phrase "[f]or purposes of this subsection  and section 1453 . . . ."  *Sub*section (d) of

§ 1332 and 28 U.S.C. § 1453 concern class actions and have no application to the present

individual action.  *See Harvey* 542 F.3d at1080 (discussing § 1332(d)(10)). Defendants'

reference to § 1332(d)(10) suggests that Defendants believe Deutsche Bank to be an

unincorporated association.[6]  If that is the case, then the citizenship of Deutsche bank would be

determined by reference to the citizenship of each of its members,  *Silvi-Rodriquez v. United*

*Serv. Auto. Assoc.*, No. 09-cv-00603-JKL-KLM,  2009 WL 1765753 (D. Colo. June 18, 2009)

---

[6]"State banks, usually chartered as corporate bodies by a particular State," ordinarily are
subject to the same rules that the determine the citizenship of other business corporations.
*Wachovia*, 546 U.S. at 306.  Considering that Defendants cited *Wachovia* in their notice of
removal, they presumably were aware that if Deutsche Bank does business in corporate form,
they could rely on § 1332(c)(1) to establish its citizenship. Under regulations of the Federal
Reserve Board, a state member bank can be either a corporation, or an entity "organized under
the general laws of any State." 12 C.F.R. § 208.2 (f) and (g) (defining "state bank" and "state
member bank").  Therefore, the allegation that Deutsche Bank is a member of the Federal
Reserve System does not mean that Deutsche Bank necessarily is charted as a corporate body.

(citing *Tuck v. United Serv. Auto. Assoc.*, 859 F.2d 842 (10th Cir. 1988)), which Defendants have not alleged.

**CONCLUSION**

For the reasons set forth above, the Court concludes that this case was not properly removable as a case arising under federal law.  As to the alternative basis for removal asserted by Defendants, diversity jurisdiction, the Court is unable to clearly ascertain from Defendants Notice of Removal whether the requisite complete diversity of citizenship between Plaintiff and Defendants is present. 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  In the interest of justice, the Court will allow Defendants an opportunity to file an amended notice of removal clarifying Deutsche Bank's citizenship. The Court reminds Defendants that "'[t]he courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states,'  and that the presumption is therefore 'against removal jurisdiction.'"  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (citations omitted). If uncertainties regarding the Court's subject matter jurisdiction remain after the filing of amended notice of removal, those uncertainties will be resolved in favor of remand.  *Nichols v. Golden Rule Ins. Co.*, Civ. Action No. 10-cv-00331-PAB-KMT, 2010 WL 1769742 *2 (D. Colo. May 3, 2010).

**IT IS THEREFORE HEREBY ORDERED** that this Plaintiff's Motion to Remand remains under advisement;

**IT IS FURTHER ORDERED** that Defendants are granted until 5:00 p.m. February 28th 2012 to file an amended notice of removal clarifying the citizenship of Defendant Deutsche Bank.

**So ordered this 17th th day of February, 2012**.

M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE