IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUNNY L. JOHNSON,

    Plaintiff,

vs.                                                    No. 11-CV-00366 MCA/WDS

GENWORTH FINANCIAL HOME
EQUITY, INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the *Motion to Dismiss Complaint* [Doc. 5] of Defendant Genworth Financial Home Equity, Inc. ("Genworth"). Genworth moves for dismissal on three grounds: (1) lack of personal jurisdiction (2) Plaintiff's failure to state a claim upon which relief can be granted against Genworth; and (3) insufficient service of process.

**DISCUSSION**

**1.**    **Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction**

In deciding Genworth's 12(b)(2) motion to dismiss, the Court accepts as true all well-pleaded facts alleged in Plaintiff's complaint. *Shrader v. A1 Biddinger*, 633 F.3d 1235, 1242 (10th Cir. 2011) ("[T]he facts that must be accepted for purposes of the jurisdictional analysis [are limited] to those 'well plead (that is plausible non-conclusory, and non-speculative facts alleged in plaintiff['s] complaint.'") (quoting *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008)). Because Plaintiff is proceeding *pro se*, the Court will liberally construe the allegations of her complaint. *Rhodes v. Judisak*, 633 F.3d 1146, 1147 n.1 (10th Cir. 2011). At this stage of the case, Plaintiff need only make out a *prima facie* showing

of personal jurisdiction. *Dudnikov* 514 F.3d at 1070.

Genworth is a California corporation with its principal place of business in the State of California. [Doc. 5-1 at 1] It is in the business of offering reverse mortgages to borrowers nationwide. [Doc. 5-1 at 1]  The company does not have an office in New Mexico and has no New Mexico employees. [Doc. 5-1 at 1]  Plaintiff is a resident of Valencia County, New Mexico. [Doc. 1-2 at 1] Plaintiff's unsuccessful loan transaction with Genworth was conducted by mail and by telephone. [Doc. 27 at 5, 6, 13-15, 16]

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine '(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.'" *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). A court's exercise of personal jurisdiction over a defendant in a diversity case comports with due process where (1) "there exist 'minimum contacts' between the defendant and the forum State" and (2) considering the defendant's contacts with the forum state, "maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'"  *Far West Capital, Inc. v Towne*,  46 F.3d  1071,1074 (10th Cir. 1995) (citations and internal quotation marks omitted). The Supreme Court has recognized two categories of personal jurisdiction:  (1) *specific personal jurisdiction*–"[w]hen a State exercises personal jurisdiction over a defendant in a in a suit arising out of or related to the defendant's contacts with the forum," *Helicopteros Nacionales de Columbia, S.A. v. Hall*,  466 U.S. 408, 414 n.8 (1984);  and (2) *general personal jurisdiction*–"[w]hen a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum," *id.* n.9.

>New Mexico's long-arm statute provides in pertinent part that:
>
>A.   Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action *arising from*:
>
>(1)  the transaction of any business within this state;
>. . . .
>(3)  the commission of a tortious act within this state[.]
>
>. . . .
>
>C.   Only causes of action *arising from* acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

NMSA 1978, § 38-1-16 (emphasis added).  The phrase "as to any cause of action arising from" together with subsection C indicate that § 38-1-16 is a *specific* personal jurisdiction statute. *See Tercero v. Roman Catholic Diocese of Norwich*, 132 N.M. 312, 316 (2002) (observing that the plaintiff's cause of action must arise out of the alleged acts or omissions); *see also Lorelei Corp. v. County of Guadalupe*, 940 F.2d 717 (1st Cir. 1991) ("The Maine long arm statute is subject to a general limitation in that '[o]nly causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.'  In other words, the long arm statute provides only for the exercise of  'specific' jurisdiction;  that is, jurisdiction which is asserted when the lawsuit 'arising directly out of [the defendant's] forum-based activities.'") (citations omitted);  *Radosta v. Devil's Head Ski Lodge*, 526 N.E.2d 561, 563 (Ill. Ct. App. 1988) ("This principle of 'general jurisdiction' is separate from those embodied in the long-arm statute, which specifically requires either that the defendant commit a tortious act in Illinois giving rise to jurisdiction or that the cause of action arise from the defendant's 'transaction of business' in this State.").  New Mexico appellate courts have held

that § 38-1-16(A) "extends the jurisdictional reach of New Mexico Courts as far as constitutionally permissible," and that "the analysis of whether the [defendant] transacted business or committed a tortious act within New Mexico merges with the inquiry regarding whether such activities constitute minimum contacts sufficient to satisfy due process concerns." *Id.* at 316. Taking the language of § 38-1-16 together with the New Mexico Supreme Court's characterization of the statute, the Court concludes that § 38-1-16 should be understood to permit the exercise of specific personal jurisdiction to the extent permitted by due process. At the same time, giving effect to the plain language enacted by the New Mexico Legislature, *see Three Ten Enterprises, Inc. v. State Farm Fire & Cas. Co.*, 942 P.2d 62 (Kan. Ct. App. 1997) (holding that Kansas Long Arm statute does not support exercise of general personal jurisdiction over foreign corporation; observing that while "the Kansas Legislature could enact a statute providing for the exercise of general jurisdiction, it has not done so"), the Court concludes that § 38-1-16 does not authorize the exercise of general personal jurisdiction over a foreign corporation.[1] *Werner v. Wal-Mart Stores, Inc.*, 116 N.M. 229, 231 (Ct. App. 1993). Accordingly, only those contacts between Genworth and New Mexico that relate to Plaintiff's claim against Genworth are relevant to the question of personal jurisdiction. *See Shrader*, 633 F.3d at 1243; *Tercero*, 132 N.M. at 317.

Plaintiff's Complaint contains the following allegations specifically relating to Genworth:

> . . . .

---

[1] NMSA 1978, §§ 38-1-6 and 53-17-11 provide for service of process upon foreign corporations without the New Mexico long-arm statute's restriction to causes of action arising from enumerated acts. Plaintiff has not invoked either of these statutes in response to Genworth's motion to dismiss.

      2.     Plaintiff submitted her application for a "Reverse Mortgage" to Defendant Genworth Financial, hereinafter referred to as Genworth, on 9/9/10 and was informed that her application had been rejected on 11/18/10 . . . .

      3.     Defendant Genworth stated that they had no problems with their appraisal, that their underwriter had found that it met all requirements to place a Reverse Mortgage on Plaintiffs property however they could not find a "secondary market" to whom they could "resell" the "paper" . . . .
. . . .

Plaintiff's complaint fails to demonstrate that Genworth has the requisite minimum contacts with New Mexico to render an assertion of specific personal jurisdiction over Genworth consistent with the requirements of due process. "[I]n order to resolve the jurisdictional question, a court must undertake a particularized inquiry as to the extent to which the defendant has purposefully availed itself of the benefits of the forum's laws." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (10th Cir. 1995).  Here, since Genworth *declined* to enter into a loan transaction with Plaintiff, Genworth cannot be said to have purposefully "created 'continuing obligations'" between itself and Plaintiff or to have "availed [it]self of the privilege of conducting business" in New Mexico by its dealings with Plaintiff. *Cf. Burger King Corp v. Rudzewics*, 471 U.S. 462, 476 (1985) (citations and internal quotation marks omitted). Nor do the allegations of Plaintiff's complaint satisfy the "purposeful direction" theory of personal jurisdiction, *Shrader*, 633 F.3d at 1240:  the complaint contains no allegations of wrongdoing by Genworth, much less wrongdoing purposefully directed at Plaintiff as a resident of New Mexico.  Plaintiff's complaint against Genworth is subject to dismissal pursuant to Fed. Civ. P. Rule 12(b)(2).

In her response, Plaintiff has attempted to supplement the allegations of her complaint with unpleaded claims of misconduct by Genworth employees."[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car*

*Carriers, Inc. v. Ford Motor Co*, 745 F.2d 1101, 1107 (7th Cir. 1984). Accordingly, the Court has not considered unpleaded allegations raising new theories of liability in ruling on Genworth's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.

        **2.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted**

Fed. Civ. P. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In ruling on a motion to dismiss brought pursuant to Fed. Civ. P. Rule 12(b)(6), a court decides whether the allegations of the plaintiff's complaint are legally sufficient to state a claim upon which relief may be granted under the standard of Rule 8(a)(2). *Phillips v. Bell*, 365 Fed. Appx. 133, 137-38 (10th Cir. 2010) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). For decades, Rule 12(b)(6) motions were governed by a test taken from *Conley v. Gibson*, 355 U.S. 41 (1957): a complaint was subject to dismissal pursuant to Rule 12(b)(6) only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Conley*, 355 U.S. at 45-46; internal quotation marks omitted). In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), the Court retired *Conley*'s test, replacing it with a new standard: "to withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Collins*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 570)). In applying this standard, a court accepts as true all "plausible, non-conclusory, and non-speculative" facts alleged in the plaintiff's complaint. *Shrader,* 633 F.3d at 1243. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct.

1037, 1949 (2009). Moreover, "'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim" that "'raise a right of relief above the speculative level." *Collins*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 555). In short, in ruling on a 12(b)(6) motion, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Collins*, 656 F.3d at 1214.

The Court accepts as true all "plausible, non-conclusory, and non-speculative" facts alleged in Plaintiff's complaint, *Shrader*, 633 F.3d at 1243, and, as previously noted, liberally construes Plaintiff's *pro se* pleadings. So construed, Plaintiff's complaint fails to allege any wrongdoing whatsoever by Genworth, nor does it set out a demand for any relief directed to Genworth.

To the extent that Plaintiff has attempted to supplement the allegations of her complaint with unpleaded claims of misconduct by Genworth employees, those allegations are not properly before the Court and therefore have not been considered by the Court in ruling on Genworth's motion to dismiss. *Car Carriers,* 745 F.2d at 1107 (7th Cir. 1984) (observing that "the complaint may not be amended by the briefs in opposition to a motion to dismiss"). Accordingly, the Court has not considered unpleaded allegations in ruling on Genworth's motion to dismiss. *Id.* (observing that "consideration of a motion to dismiss is limited to the pleadings").

The Court will grant Genworth's motion to dismiss for failure to state a claim.

**3.      Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process**

This case was filed in State district court on March 31, 2011 and removed to this Court on May 2, 2011. Prior to removal, Plaintiff attempted service upon Genworth by certified mail

sent to Genworth at a California address. Under New Mexico law, service by mail upon a foreign corporation is complete when a "person authorized by appointment, by law or by [Rule 1-004] to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint." Rule 1-004(E)(3). There is no such receipt in the record. Plaintiff bears the burden of making out a prima facie case of sufficient service of process. *Murphy v. AT & T*, No. 10-02686, 2011 WL 5152228 (D. Kan. Oct. 28, 2011). Plaintiff has failed to show that her attempt to serve Genworth by mail was completed as required by New Mexico law. Plaintiff argues in the alternative in her response that service was accomplished by delivering a copy of the summons and complaint to Genworth's New Mexico counsel. [Doc. 27 at 8] The affidavit of Genworth's counsel states that counsel was not authorized to accept service of process and that counsel so advised Plaintiff prior to her attempt to effect service upon Genworth's counsel on May 9, 2011. [Doc. 34-1] Since service upon counsel was attempted after this case was removed, service was governed by federal law. 28 U.S.C. § 1448. Fed. Civ. P. Rule 4(h)(1)(A) refers to Fed. Civ. P. Rule 4(e)(1), which authorizes service by following New Mexico law governing service. NMRA 1-004(G)(1) authorizes service "by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by [NMRA 1-004] to receive service of process." There is no evidence that counsel was an officer, a managing or general agent, or other agent authorized to accept service, and therefore, Plaintiff has not shown that service was sufficient under New Mexico law. Fed. Civ. P. Rule 4(h)(1)(B) authorizes service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." Plaintiff's

8

attempt to serve Genworth by serving Genworth's New Mexico counsel pursuant to Fed. Civ. P. Rule 4(h)(l)(B) suffers from the same defect noted with respect to service under New Mexico law: there is no evidence that counsel was an officer, a managing or general agent, or other agent authorized to accept service.

**CONCLUSION**

Genworth has established three valid grounds for dismissing Plaintiff's complaint: (1) failure to allege facts establishing personal jurisdiction over Genworth, (2) failure to state a claim upon which relief can be granted (3) failure to properly serve Genworth with process. However, as each of these grounds may be curable, the Court's dismissal will be without prejudice.

No later than fourteen days from the date of entry of this Order on the Court's docket, Plaintiff may move the Court for leave to file an amended complaint complying with Fed. Civ. P. Rule 8. A copy of any proposed amended complaint must be attached to the motion to amend as required by D.N.M. LR-Civ. 15.1. In allowing Plaintiff to file a motion seeking leave to file an amended complaint, the Court is not at this time granting Plaintiff leave to file an amended complaint. Before allowing any proposed amended complaint to be filed, the Court will carefully review it and must be satisfied that the filing of the amended complaint would not be futile. "The district court is not required to grant leave to amend, however, if amendment would be futile. 'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008). As provided by D.N.M. LR-Civ. 7 governing motion practice, Genworth will have an opportunity to respond to Plaintiff's motion to file an amended complaint.

**IT IS THEREFORE HEREBY ORDERED** that Defendant Genworth Financial Home Equity Access, Inc.'s Motion to Dismiss [Doc. 5] is **granted** and that the Complaint is **dismissed without prejudice** as to Defendant Genworth Financial Home Equity Access, Inc;

**IT IS FURTHER ORDERED** that all process thus far directed to Defendant Genworth Financial Home Equity Access, Inc. is **quashed**;

**IT IS FURTHER ORDERED** that Plaintiff, Sunny L. Johnson, is granted leave to file a motion requesting leave to file an amended complaint, said motion to be filed within fourteen days from the date of the filing of this Order.

**SO ORDERED** this 19th day of March, 2012.

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE